CV 14       5016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- x

UNIVERSAL MUSIC CORP., HIDEOUT RECORDS
& DISTRIBUTORS, INC. (GEAR PUBLISHING
DIVISION), and ICE NINE PUBLISHING
COMPANY, INC.,

                                      Plaintiffs,

-against-

BENS BBQ, INC. and ERIC RIFKIN,

                                    Defendants.

------------------------------------------------- x

Civil Action
No.

**COMPLAINT**

BIANCO, J.

TOMLINSON, M.J.

FILED
CLERK
2014 AUG 25 AM 9:53
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

       Plaintiffs, by their undersigned attorneys, allege:

       1.    This is a suit for copyright infringement under Title 17 of the United States Code.

       2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a) and venue in this District is proper pursuant to 28 U.S.C. 1400(a).

       3.    Plaintiffs allege five (5) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

       4.    The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

5. On information and belief, defendant Bens BBQ, Inc. ("Bens") is a corporation organized under the laws of the state of New York with a principal place of business at 70 West Main Street, Patchogue, New York 11772.

6. At all times hereinafter mentioned, Bens did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as BobbieQue, located at 70 West Main Street, in Patchogue, in the State of New York.

7. Musical compositions were and are publicly performed at BobbieQue.

8. On information and belief, defendant Eric Rifkin ("Rifkin" and, together with Bens, the "Defendants") is an individual who resides or conducts business in Suffolk County, New York.

9. On information and belief, Rifkin is a principal and/or officer of Bens.

10. At all times hereinafter mentioned Rifkin was, and still is, responsible for the control, management, operation and maintenance of the affairs of Bens.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at BobbieQue, including the right and ability to supervise and control the public performance of musical compositions at BobbieQue.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at BobbieQue.

**FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS**

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 500,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Since February 2007, ASCAP representatives have made more than 45 attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for BobbiQue. ASCAP has contacted Defendants by phone, by mail, by e-mail, and in person.

16. ASCAP's various communications put Defendants on notice that unlicensed performances of ASCAP's members' musical compositions at BobbiQue constitute infringement of ASCAP's members' copyrights in their musical works.

17. Defendants have refused all of ASCAP's license offers for BobbiQue.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at BobbiQue, including the copyrighted works involved in this action, without permission, during the hours that BobbiQue is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The original musical compositions listed in Column 3 were registered as unpublished works on the dates stated in Column 5, and since the date of registration have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3,

and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. The original musical compositions listed in Column 3 are now in their renewal terms of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the claims of renewal in the names of the claimants listed in Column 7. The dates and identification numbers of the respective renewal certificates are set forth in Column 8.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at BobbieQue, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at BobbiQue include the performances of the five copyrighted musical compositions upon which this action is based.

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

28. The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court

restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed at BobbieQue, or in any place owned, controlled or conducted by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

Dated:   New York, New York
         August 25, 2014

By: _____
Richard H. Reimer
Jackson P. Wagener
ASCAP
1900 Broadway
New York, NY 10023
(212) 621-6000 (P)
(212) 787-1381 (F)
rreimer@ascap.com
jwagener@ascap.com

Attorneys for Plaintiffs

# SCHEDULE A

## Schedule A

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 |
|---|---|---|---|---|---|---|---|---|
| Cause of Action | Plaintiff | Musical Composition | Writer(s) | Date of Registration | Certificate of Registration Number | Renewal Claimant | Renewal Certificate Date and Number | Date of Known Infringement |
| 1. | UNIVERSAL MUSIC CORP. | DON'T TAKE ME ALIVE | WALTER C. BECKER; DONALD J. FAGEN | May 6, 1976 | EU 679294 REGISTERED AS UNPUBLISHED | ABC DUNHILL MUSIC, INC. | RE 891-483; December 31, 2003 | January 24, 2014 |
| 2. | HIDEOUT RECORDS & DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION) | MAINSTREET | ROBERT C. SEGER | October 22, 1976 | EU 725042 REGISTERED AS UNPUBLISHED | GEAR PUBLISHING COMPANY | RE 895-215; January 06, 2004 | January 24, 2014 |
| 3. | HIDEOUT RECORDS & DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION) | FIRE DOWN BELOW | ROBERT C. SEGER | October 22, 1976 | EU 725045 REGISTERED AS UNPUBLISHED | GEAR PUBLISHING COMPANY | RE 895-218; January 06, 2004 | January 25, 2014 |
| 4. | HIDEOUT RECORDS & DISTRIBUTORS, INC. (GEAR PUBLISHING DIVISION) | ROCK AND ROLL NEVER FORGETS | ROBERT C. SEGER | October 22, 1976 | EU 725047 REGISTERED AS UNPUBLISHED | GEAR PUBLISHING COMPANY | RE 895-220; January 06, 2004 | January 24, 2014 |
| 5. | ICE NINE PUBLISHING COMPANY, INC. | FRANKLIN'S TOWER | ROBERT HUNTER; JEROME GARCIA; WILLIAM KREUTZMANN | October 28, 1975 | EU 628886 REGISTERED AS UNPUBLISHED | ICE NINE PUBLISHING COMPANY, INC. | RE 890-264; November 19, 2003 | January 24, 2014 |